# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

IN RE:                                          )
    JASON WILLIAM KOONTZ            )     CASE NO.      09-30024
                                   )
    KRISTIN MAUREEN KOONTZ          )
                                   )     Adv. No.
    Plaintiff(S)                   )
_____ )
                                   )
    KRISTIN MAUREEN KOONTZ,         )
        Plaintiff              )
    vs.                            )
    EVERHOME MORTGAGE              )
     COMPANY,                       )
                                   )
    TRUSTCORP MORTGAGE             )
     COMPANY,                       )
                                   )
    EVERBANK,                      )
                                   )
    and                            )
                                   )
    MORTGAGE ELECTRONIC            )
     REGISTRATION SYSTEMS, INC.    )
        Defendants.            )

## INTRODUCTION

1.  This is an action brought by the Plaintiff/Plaintiff (hereinafter "Plaintiff" or "Debtor")

for a Declaratory Judgment, injunctive and equitable relief as provided for by Rules 3007,

7001(2) and 7001(9) of the Federal Rules of Bankruptcy Procedure.

2.  This is also an action to determine the secured status of the Defendants in this case

pursuant to Sections 105(a), 502(b)(1), 506 and 544(a)(3) of the Bankruptcy Code, Rule 3007 of

the Bankruptcy Rules, and Indiana law as codified at I.C. 32-29-2-1 *et seq.* And I.C. 32-21-4 *et*

*seq.*

3.   This is also an action for statutory damages from Everhome Mortgage Company for violation of 15 U.S.C. §1641(g).

4.   The Plaintiff is also seeking the recovery of actual and punitive damages from the Defendant Everhome Mortgage Company,  pursuant to Sections 362(a)(3) and 362(a)(4) of Title 11 of the United States Code for filing a false and fraudulent proof of claim in violation of Section 501 of the Code and Rules 3001(c) and 3001(d) of the Bankruptcy Rules.

JURISDICTION

5.   This is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and counter-claims to the Proof of Claim and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

6.   This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

7.   Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

THE PARTIES

8.   Kristin M. Koontz is a Debtor under Chapter 13 of Title 11 of the United States Code. Ms. Koontz, for purposes of 11 U.S.C. §544(a)(3) has the rights of a bona fide purchaser.

9.   Everhome Mortgage Company (hereinafter referred to as "Everhome") is believed to be a corporation whose principal line of business is servicing of mortgages, with a principal place

2

of operations is 8100 Nations Way, Jacksonville, Florida 32256, and whose registered agent for service of process is CT Corporation System, 251 E. Ohio St., Ste. 1100, Indianapolis, Indiana 46204.

10.  Trustcorp Mortgage Company (hereinafter referred to as "Trustcorp") is believed to be a company that originates mortgages.  On or about May 3, 2007, 1st Source Bank acquired Trustcorp.  Trustcorp's principal place of business is 100 N. Michigan St., Ste. 800, South Bend, IN 46601, and its registered agent for service of process is James W. Kunzler, 100 N. Michigan St., South Bend, IN 46601.  Trustcorp is made a defendant herein to answer as to any interest it may have in the property located at 615 South Street, Mishawaka, IN 46544.

11.  Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"), is believed to be a corporation whose primary business is "an innovative process that simplifies the way mortgage ownership and servicing rights are originated, sold and tracked" that "eliminates the need to prepare and record assignments when trading residential and commercial mortgage loans".[1] MERS principal place of business is 1818 Liberty Street, Ste. 300, Reston, VA 20190, and its address for service of process is 3300 SW 34th Ave., Ste. 101, Ocala FL 34474-7448. MERS is made a defendant herein to answer as to any interest it may have in the property located at 615 South Street, Mishawaka, IN 46544.

12.  EverBank if a bank located at 8100 Nations Way, Jacksonville FL 32256 who can be served c/o Robert M. Clements, CEO.  EverBank if made a party herein to answer as to any interest it may have in the property located at 615 South Street, Mishawaka, IN 46544.

FACTUAL ALLEGATIONS

---

[1]  See, www.mersinc.org.

3

The Base Case

13.  On August 15, 2003, Plaintiff Kristin Koontz executed a Note which promised  to pay  Trustcorp an amount of $75,277.00 accruing interest at a rate of 5.6250% over 30 years.

14.  At the same time, Plaintiff gave a Mortgage on property located at 615 South Street, Mishawaka, IN 46544.  The Parties identified in the Mortgage are:

- •      Borrower as the mortgagor

- •      MERS "(solely as nominee for Lender as hereinafter defined, and Lender's successors and assigns), as beneficiary"

- •      "Lender" is Trustcorp Mortgage Company

15.  Upon information and belief, Trustcorp, shortly after the execution of the documents, gave the Note to National City Bank.

16.  The Mortgage was recorded in the St. Joseph County Recorder's Office on September 29, 2003, as instrument numbered 0362577.

17.  Upon information and belief, on or about November 11, 2006, Trustcorp sold the Note to a party unknown to Plaintiff.

18.  This case was commenced by the filing of a Chapter 13 petition with the Clerk of this court on January 7, 2009, case number 09-30024, filed in the South Bend Division of the United States Bankruptcy Court, Northern District of Indiana.  An Order for Relief under the provisions of Chapter 13 of the Bankruptcy Code was duly entered by this Court upon the filing of the petition.  This order served to invoke the provisions of Section 362(a) of the Bankruptcy Code.

The First Proof of Claim

19.  On or about May 5, 2009, Everhome filed a sworn proof of claim with this Court.

4

The claim was docketed by the Clerk of this Court and was assigned Claim number 22.  The proof of claim was signed by Phaedra High on behalf of Corey M. Robertus who is identified as an agent for Everhome Mortgage. (Proof of Claim no. 22 attached hereto as Exhibit 1).

20.  There is no power of attorney attached to the proof of claim as required by Official Form 10.  Upon information and belief, Corey Robertus is not an attorney, but instead is an employee of Moss Codilis, a provider of loss mitigation services to mortgage servicers.  Upon information and belief, no attorney reviewed the original proof of claim prior to its filing.

21.  The proof of claim alleged a debt owing to Everhome in an amount of $70,105.97 secured which included an alleged arrearage of $886.99.  Included as attachments to the proof of claim were an Itemization of Claim, the Note from Plaintiff to Trustcorp, and the Mortgage.

22.  The Note attached to the proof of claim did not include any documents evidencing the transfer and delivery of the Note to Everhome.  The Note was endorsed:

"PAY TO THE ORDER OF  WITHOUT RECOURSE TRUSTCORP MORTGAGE COMPANY" signed by Julia Norris, Assistant Vice President.

Accordingly, the proof of claim included no documents supporting the position that Everhome was the present transferee, holder or owner of the note on the date of the filing of the claim.

23.  The proof of claim did not include any documents evidencing a recorded assignment of the Mortgage to Everhome.

24.  The Exhibit entitled Itemization of Claim attached to the proof of claim states that there are prepetition arrears of $886.99 included in the aggregate amount. The prepetition arrears consist of one mortgage payment in the amount of $586.99 contractually due January 1, 2009, six

days before the filing of the petition in bankruptcy.  The remaining $300.00 included in arrearage consisted of "Post Petition/Pre Confirmation Bankruptcy Fees", of which  $150.00 is for preparation of the proof of claim, and $150.00 for plan review.  There are no documents attached to the Proof of Claim supporting any payment of attorneys fees for preparation of the proof of claim, and Plaintiff alleges that the fees claimed are not authorized by the Mortgage or Note.

25.  On August 6, 2009, the Trustee objected to Claim 22 on the basis that she requested proof of the chain of title documentation five (5) times over a period of three (3) months and had not received adequate documentation evidencing Everhome's ownership of the claim.  (Trustee objection attached hereto as Exhibit 2).

26.  Upon information and belief, Everhome was not in possession of the Note on the date of the filing of the petition in bankruptcy.

27.  Upon information and belief, US Bank was in possession of the Note on the date of filing of the petition in bankruptcy, and forwarded the Note to Everhome after September 17, 2009.

The Amended Proof of Claim

28.  On September 10, 2009, Everhome filed an Amended Proof of Claim to replace the original claim 22. (First page and Assignment of Mortgage attached hereto as Exhibit 3).

29. Attached to the Amended Proof of Claim is  the Mortgage from Plaintiff to Trustcorp, a copy of the Note from Plaintiff to Trustcorp, and an unrecorded Assignment of Mortgage from MERS to Everhome.  (Assignment attached hereto as Exhibit 3).

30.  The Assignment of Mortgage refers to MERS as a "Beneficiary", and is dated July 15, 2009, more than 6 months post-petition.  The Assignment is signed by Bethany Hood as VP

for MERS as nominee for Trustcorp.  Upon information and belief, Bethany Hood is an employee of Lender Processing Services, not MERS..

31.  Upon information and belief, Trustcorp did not hold an interest in the Note on July 15, 2009, and Plaintiff alleges that MERS did not have authority to assign any interest of Trustcorp to anyone on that date.

32.  Upon information and belief, MERS did not possess the Note and did not have a recorded interest in the Mortgage on the date of the assignment.

33.  Plaintiff received a letter dated November 16, 2009, from EverBank indicating that ownership of the loan was transferred to EverBank on November 2, 2009.  (Letter attached as Exhibit 4  ).  The docket of the bankruptcy case does not reflect any transfer of loan to EverBank.

COUNT I - OBJECTION TO PROOF OF CLAIM

34.  The Plaintiff realleges the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

35.  Rule 3001( c) and Rule 3001(d) of the Bankruptcy Rules and Paragraph 7 of the Official Proof of Claim form expressly requires a party filing a proof of claim to attach "copies of documents providing evidence of perfection of a security interest."  To the extent that no documents are filed evidencing a recorded assignment of the Mortgage from Trustcorp to Everhome, the Plaintiff alleges that the proof of claim is fatally defective and not entitled to prima facie validity.

36.  Upon information and belief, MERS was not, on July 15, 2009, the agent of Trustcorp, and as such, had no authority to assign the mortgage to Everhome.

37.  Upon information and belief, on the date of the filing of the bankruptcy, Trustcorp

7

did not own the Note, and, as such, did not have a right to payment from Plaintiff's bankruptcy estate.

38.  Upon information and belief, MERS did not have physical possession of the Note at any time, and, as such, could not have assigned the Note to Everhome.

39.  Plaintiff alleges that Everhome does not hold a perfected secured interest in the property located at 615 South Street, Mishawaka, IN 46544.  Pursuant to I.C. 32-21-4-1 (a)(1),  a conveyance or mortgage of land or any interest in land must be recorded, and pursuant to  I.C. 32-21-4-2(b), I.C. 31-29-1-8,  and I.C. 32-29-2-1, in order to perfect a security interest in real estate, any assignment of a mortgage or note must be recorded as required under I.C. 32-21-4-1.

## COUNT II - FAILURE TO HOLD A RIGHT TO PAYMENT

40.  The Plaintiff realleges the allegations set forth in paragraphs 1 through 39 as if fully set forth herein.

41. The sworn proof of claim filed in this case alleges that the Everhome is the holder and owner of the mortgage and note and the real party in interest in connection with the legal and financial obligations of the Plaintiff.  However, Everhome has attached no documents to the proof of claim in support of these claims.

42. Plaintiff  alleges that no documents or records have been filed with the proof of claim that demonstrate that prior to the petition date the note was duly endorsed, transferred and delivered to Everhome, and, as a consequence, Plaintiff alleges Everhome does not hold any right to payment from this bankruptcy estate.  The Plaintiff further alleges that in order for Everhome to have a valid and enforceable secured claim against the real property of this estate in bankruptcy, Everhome must prove that it received an endorsement of the Note that was duly

executed prior to the petition date and that it had physical possession of the Note on the date of filing of the bankruptcy.

COUNT III - VIOLATION OF THE AUTOMATIC STAY

43.  Plaintiff realleges the allegations in paragraphs 1 through 42 as if fully set forth herein.

44.  Plaintiff alleges that any documents that purport to transfer any interest in the Note and/or Mortgage to Everhome postpetition are void as a matter of law pursuant to Sections 362(a)(4) and 544 of Title 11 of the United States Code.

45. Plaintiff alleges that the Note in this case was never lawfully negotiated and physically delivered to Everhome prior to the filing of the bankruptcy petition.  The Note was "executed in blank" and "without recourse" but there is no indication to whom the Note was given, or at what time. Plaintiff alleges that, upon information and belief,  the original Note was delivered to a third-party custodian to hold in the capacity of a depository, and was delivered to Everhome only after the filing of Plaintiff's bankruptcy.

46.  The Plaintiff alleges,  upon information and belief,  that Everhome does not hold a perfected and secured claim in the residential real estate of the Plaintiff and property of this estate in bankruptcy and that Everhome is estopped and precluded from asserting an unsecured claim against this estate.

47.  The Plaintiff alleges that the willful creation of documents post petition were an effort to create, perfect, and enforce against the property of the Plaintiff a lien that arose before the commencement of the case in violation of 11 U.S.C. §362(a)(4) and §362(a)(5).

48.  The Plaintiff alleges that the filing of a fraudulent proof of claim is an effort to obtain

possession of property of the estate in violation of 11 U.S.C. §362(a)(3).

## COUNT IV - FALSE CLAIM

49.  Plaintiff realleges the allegations in paragraphs 1 through 48 as if fully set forth herein.

50.  There is no evidence of a contractual relationship between Everhome and Plaintiff. Federal Rules of Civil Procedure Rule 17(a)(1) requires the "real party in interest" to prosecute an action, and Everhome has not provided proof that it had a right to payment when the case was filed.

51.  There is no evidence that Phaedra High or Corey Robertus are the authorized agents of Everhome.

52.  There is no evidence that an attorney reviewed the original proof of claim, and, therefore, fees charged in connection with the preparation of the proof of claim are not warranted.

## COUNT V - AVOIDANCE OF LIEN

53.  Plaintiff realleges the allegations in paragraphs 1 through 52 as if fully set forth herein.

54.  Plaintiff alleges that she, as a Chapter 13 Debtor, has the rights of a bona fide purchaser pursuant to 11 U.S.C. §544(a)(3).

55.  Upon information and belief, Trustcorp did not hold, on the date of the filing of the bankruptcy petition, any right to collect money from the Plaintiff or the bankruptcy estate by virtue of the fact that it did not possess the Note on the date of filing.

56.  Upon information and belief, Everhome, if it had an interest in the property, has

failed to record its interest, and, pursuant to I.C. 32-21-4-1 (a)(1),  a conveyance or mortgage of

land or any interest in land must be recorded, and pursuant to  I.C. 32-21-4-2(b), I.C. 31-29-1-8,

and I.C. 32-29-2-1, in order to perfect a security interest in real estate, any assignment of a

mortgage or note must be recorded as required under I.C. 32-21-4-1.

57.   Upon information and belief, MERS was never entitled to payment on the Note, and,

as such, is not a "Beneficiary" of the Mortgage, and does not have an interest in the property

located at 615 South Street, Mishawaka, IN 46544.

58.   Upon information and belief, Everhome does not have a secured claim against the

bankruptcy estate.

59.   Upon information and belief, EverBank does not have an interest in the property as it

has failed to record its interest, pursuant to I.C. 32-21-4-1(a)(1), I.C. 32-21-4-2(b), I.C. 31-29-1-

8, and I.C. 32-29-2-1, *et seq*.  It is unknown to Plaintiff whether EverBank holds the Note at this

point in time.

60.   Upon information and belief, the interests, if any, of Trustcorp, Everhome,

EverBank, and MERS, since not perfected on the date of the filing of the bankruptcy,  are

avoided pursuant to 11 U.S.C. §544(a)(3).

COUNT VI - VIOLATION OF TRUTH IN LENDING

61.   The Plaintiff realleges the allegations set forth in paragraphs 1 through 60 as if fully

set forth herein.

62.   The Assignment of Mortgage attached to Everhome's amended proof of claim bears

a date of July 15, 2009, yet was not filed with the court until September 10, 2009.  Plaintiff

alleges that she did not receive notice of the assignment within 30 days as required by 15 U.S.C.

11

§1641(g).

63. Plaintiff further alleges that the assignment as filed with the Amended Proof of Claim is insufficient to meet the requirements of 15 U.S.C. §1641(g) in that it does not give notice as required under 15 U.S.C. §1641 (g)(C) and (D).

WHEREFORE, Plaintiff, by counsel, prays that this Court:

1. Find that Everhome Mortgage Company does not have a perfected security interest in Plaintiff's property located at 615 South Street, Mishawaka, IN 46544;

2. Find that the Mortgage recorded on March 17, 2006 as document 0610863 is avoided pursuant to 11 U.S.C. §544 and I.C. 32-29-1-2, *et seq*, in that there is no underlying debt securing the same;

3. Find that Everhome does not have a secured or unsecured claim against the Plaintiff;

4. Find that the sworn proof of claim filed by Everhome is false, fraudulent, and otherwise unlawful;

5. Find that the sworn proof of claim and postpetition assignment attempt to unlawfully secure property of the estate and property from the estate in violation of Section 362(a)(3) of the Bankruptcy Code;

6. Find that the efforts of the Everhome to obtain the Note postpetition be declared an unlawful act in willful violation of Section 362(a)(4) of the Bankruptcy Code and award to Plaintiff damages and attorney fees;

7. Find that Trustcorp does not have a right to payment from the Plaintiff;

8. Find that MERS does not have a right to payment from the Plaintiff;

9.      Find that EverBank does not have a right to payment from the Plaintiff;

10.     Find that Everhome violated the requirements of 15 U.S.C. §1641(g), and award

to Plaintiff statutory damages in the amount of $4,000.00, actual damages if any

be proven, reasonable attorney's fees, and costs expended in this proceeding;

11.     Find that upon completion of the Plaintiffs' Chapter 13 Plan the real estate located

at 615 South Street, Mishawaka, Indiana 46544 with a legal description of

LOT NUMBERED TWENTY-EIGHT(28) AS SHOWN ON THE RECORDED
PLAT OF DODGE RENEWAL AREA NO. 1, RECORDED FEBRUARY 11,
1964, IN THE OFFICE OF THE RECORDER OF ST. JOSEPH COUNTY,
INDIANA, IN PLAT BOOK 21, PAGE D

shall be free and clear of the Mortgage of Trustcorp Mortgage

Company and/or the claims of Everhome Mortgage Company,

EverBank, and Mortgage Electronic Registration Systems, Inc.

12      Grant to Plaintiff all other just and appropriate relief in the premises, including

costs and attorneys fees.

Respectfully submitted,

_____

/s/ Debra Voltz-Miller
Debra Voltz-Miller (15590-71)
1951 E. Fox Street
South Bend, IN  46613
PH: (574) 289-1709
FX: (574) 289-1909

13