UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| In re: JASON AND KRISTIN KOONTZ | ) | Case No. 09-30024 |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| KRISTIN KOONTZ | ) | Adv. No. 10-03005 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EVERHOME MORTGAGE COMPANY, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. TO COMPLAINT

Defendant, Mortgage Electronic Registration Systems, Inc. ("MERS"), by its undersigned attorneys, hereby answers the Complaint (the "Complaint") filed by the Plaintiff Kristin Maureen Koontz ("Plaintiff").

To the extent that any of the allegations contained in the Complaint are not specifically admitted or denied, they are hereby denied.

### INTRODUCTION

1. Paragraph 1 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, MERS denies the allegations contained in paragraph 1 of the Complaint.

2.	Paragraph 2 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, MERS denies the allegations contained in paragraph 2 of the Complaint.

3.	Paragraph 3 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, MERS denies the allegations contained in paragraph 3 of the Complaint.

4.	Paragraph 4 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, MERS denies the allegations contained in paragraph 4 of the Complaint.

### JURISDICTION

5.	Paragraph 5 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, MERS denies the allegations contained in paragraph 5 of the Complaint.

6.	Paragraph 6 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, MERS denies the allegations contained in paragraph 6 of the Complaint.

7.	Paragraph 7 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, MERS denies the allegations contained in paragraph 7 of the Complaint.

### THE PARTIES

8.	MERS admits that Plaintiff Kristin M. Koontz has filed Chapter 13 bankruptcy papers in this Court.  MERS denies the remaining allegations in paragraph 8 of the Complaint.

9.   MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint; accordingly, such allegations are denied.

10.   MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint; accordingly, such allegations are denied.

11.   MERS admits that it is a corporation with offices located at 1818 Liberty Street, Suite 300, Reston, Virginia and that it does accept service in Ocala, Florida.  MERS also admits that the quoted language in paragraph 11 is from the MERS website.  MERS further states that it operates the MERS® System, which is a national electronic registry that tracks beneficial ownership interests and servicing rights in mortgage loans.  MERS also admits that it has an interest in the property that is the subject of this suit.

12.   MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint; accordingly, such allegations are denied.

## THE BASE CASE

13.   MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint; accordingly, such allegations are denied.

14.   MERS states that it is designated as a nominee for Lender in the Mortgage.  MERS further states that the Mortgage speaks for itself.  MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 14 of the Complaint; accordingly, such allegations are denied.

15. MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint; accordingly, such allegations are denied.

16. MERS admits the allegations in paragraph 16 of the Complaint.

17. MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint; accordingly, such allegations are denied.

18. MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint; accordingly, such allegations are denied.

## THE FIRST PROOF OF CLAIM

19. MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint; accordingly, such allegations are denied.

20. MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint; accordingly, such allegations are denied.

21. MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint; accordingly, such allegations are denied.

22. MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint; accordingly, such allegations are denied.

23. MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint; accordingly, such allegations are denied.

24. MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint; accordingly, such allegations are denied.

25. MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint; accordingly, such allegations are denied.

26. MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint; accordingly, such allegations are denied.

27. MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint; accordingly, such allegations are denied.

## THE AMENDED PROOF OF CLAIM

28. MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint; accordingly, such allegations are denied.

29. MERS states that the documents—the Mortgage and exhibit 3 to the Complaint—speak for themselves. MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint; accordingly, such allegations are denied.

30. MERS states that the document attached as exhibit 3 to the Complaint speaks for itself. MERS admits that Bethany Hood is not an employee of MERS but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 30 of the Complaint; accordingly, such allegations are denied.

31. MERS denies the allegations in paragraph 31 of the Complaint.

32. MERS denies the allegations in paragraph 32 of the Complaint.

33. MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint; accordingly, such allegations are denied.

## COUNT I—OBJECTION TO PROOF OF CLAIM

34. MERS incorporates its responses to paragraphs 1 thru 33 as if fully set forth herein.

35. MERS states that Count I does not state a cause of action against MERS. As such, MERS is not required to respond to the allegations in paragraph 35 of the Complaint. To the extent a response is required, such allegations are denied.

36. MERS states that Count I does not state a cause of action against MERS. As such, MERS is not required to respond to the allegations in paragraph 36 of the Complaint. To the extent a response is required, such allegations are denied.

37. MERS states that Count I does not state a cause of action against MERS. As such, MERS is not required to respond to the allegations in paragraph 37 of the Complaint. To the extent a response is required, such allegations are denied.

38. MERS states that Count I does not state a cause of action against MERS. As such, MERS is not required to respond to the allegations in paragraph 38 of the Complaint. To the extent a response is required, such allegations are denied.

39. MERS states that Count I does not state a cause of action against MERS. As such, MERS is not required to respond to the allegations in paragraph 39 of the Complaint. To the extent a response is required, such allegations are denied.

## COUNT II—FAILURE TO HOLD A RIGHT TO PAYMENT

40. MERS incorporates its responses to paragraphs 1 thru 39 as if fully set forth herein.

41. MERS states that Count II does not state a cause of action against MERS. As such, MERS is not required to respond to the allegations in paragraph 41 of the Complaint. To the extent a response is required, such allegations are denied.

42. MERS states that Count II does not state a cause of action against MERS. As such, MERS is not required to respond to the allegations in paragraph 42 of the Complaint. To the extent a response is required, such allegations are denied.

## COUNT III—VIOLATION OF THE AUTOMATIC STAY

43. MERS incorporates its responses to paragraphs 1 thru 42 as if fully set forth herein.

44. MERS states that Count III does not state a cause of action against MERS. As such, MERS is not required to respond to the allegations in paragraph 44 of the Complaint. To the extent a response is required, such allegations are denied.

45. MERS states that Count III does not state a cause of action against MERS. As such, MERS is not required to respond to the allegations in paragraph 45 of the Complaint. To the extent a response is required, such allegations are denied.

46. MERS states that Count III does not state a cause of action against MERS. As such, MERS is not required to respond to the allegations in paragraph 46 of the Complaint. To the extent a response is required, such allegations are denied.

47. MERS states that Count III does not state a cause of action against MERS. As such, MERS is not required to respond to the allegations in paragraph 47 of the Complaint. To the extent a response is required, such allegations are denied.

48. MERS states that Count III does not state a cause of action against MERS. As such, MERS is not required to respond to the allegations in paragraph 48 of the Complaint. To the extent a response is required, such allegations are denied.

## COUNT IV—FALSE CLAIM

49. MERS incorporates its responses to paragraphs 1 thru 48 as if fully set forth herein.

50. MERS states that Count IV does not state a cause of action against MERS. As such, MERS is not required to respond to the allegations in paragraph 50 of the Complaint. To the extent a response is required, such allegations are denied.

51. MERS states that Count IV does not state a cause of action against MERS. As such, MERS is not required to respond to the allegations in paragraph 51 of the Complaint. To the extent a response is required, such allegations are denied.

52. MERS states that Count IV does not state a cause of action against MERS. As such, MERS is not required to respond to the allegations in paragraph 52 of the Complaint. To the extent a response is required, such allegations are denied.

## COUNT V—AVOIDANCE OF LIEN

53. MERS incorporates its responses to paragraphs 1 thru 52 as if fully set forth herein.

54. MERS denies the allegations in paragraph 54 of the Complaint.

55. MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Complaint; accordingly, such allegations are denied.

56. MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Complaint; accordingly, such allegations are denied. MERS also states that paragraph 56 contains conclusions of law to which no response is required.

57. MERS admits that it is not entitled to payment on the Note for its own account but denies the remaining allegations in paragraph 57 of the Complaint.

58. MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the Complaint; accordingly, such allegations are denied.

59. MERS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the Complaint; accordingly, such allegations are denied. MERS also states that paragraph 59 contains conclusions of law to which no response is required.

60. MERS denies the allegations in paragraph 60 of the Complaint.

## COUNT VI—VIOLATION OF TRUTH IN LENDING

61. MERS incorporates its responses to paragraphs 1 thru 60 as if fully set forth herein.

62. MERS states that Count VI does not state a cause of action against MERS. As such, MERS is not required to respond to the allegations in paragraph 62 of the Complaint. To the extent a response is required, such allegations are denied.

63. MERS states that Count VI does not state a cause of action against MERS. As such, MERS is not required to respond to the allegations in paragraph 62 of the Complaint. To the extent a response is required, such allegations are denied.

## FIRST AFFIRMATIVE DEFENSE

64. The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

65. The Plaintiff's claims are barred by documentary evidence.

## THIRD AFFIRMATIVE DEFENSE

66. The Plaintiff's claims are barred by the doctrines of *res judicata*, issue preclusion and claim preclusion and the confirmed plan in her Chapter 13 proceeding.

## FOURTH AFFIRMATIVE DEFENSE

67. The Plaintiff's claims are barred by the doctrine of judicial estoppel and the confirmed plan in her Chapter 13 bankruptcy proceeding.

### FIFTH AFFIRMATIVE DEFENSE

68. The Plaintiff's claims are barred because the MERS has at all times acted in good faith and in accordance with its contractual and legal obligations.

### SIXTH AFFIRMATIVE DEFENSE

69. All or some of the claims are barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

70. All or some of the claims are barred by estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

71. All or some of the claims are barred by laches.

### NINTH AFFIRMATIVE DEFENSE

72. All or some of the claims are barred by the equitable doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

73. All or some of the claims are barred by waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

74. All or some of the claims are barred because the Plaintiff ratified all or some of the actions complained of in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

75. Plaintiff has consented to the matters of which she now complains.

### THIRTEENTH AFFIRMATIVE DEFENSE

76. All or some of the claims are barred by release.

### FOURTEENTH AFFIRMATIVE DEFENSE

78. The Plaintiff's claims are barred by the equitable doctrine of *in pari delicto*.

### FIFTEENTH AFFIRMATIVE DEFENSE

79. The Plaintiff's claims are barred, in whole or in part, because the Plaintiff lacks standing to bring her claims.

### RESERVATION OF RIGHTS

MERS expressly reserves the right to amend this answer by way of adding affirmative defenses, counterclaims, cross-claims and/or third-party claims as additional facts are obtained through further investigation and discovery.

WHEREFORE, Defendant, MERS, demands judgment against Plaintiff, dismissing the Complaint, for the costs and disbursements of this action, and for such other and further relief as may be just and proper.

Respectfully submitted,

Date:   February 17, 2010

/s/ David J. Jurkiewicz
David J. Jurkiewicz
Bose McKinney & Evans, LLP
111 Monument Circle, Suite 2700
Indianapolis, Indiana 46204
Telephone:  (317) 684-5000
Facsimile:  (317) 684-5173

*OF COUNSEL*

Robert J. Pratte
Sonya R. Braunschweig
Dale K. Cathell
DLA Piper US LLP
90 South Seventh Street
Minneapolis, Minnesota 55402-3903

Attorneys for MERS

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY, that on this 17th day of February, 2010, a copy of the foregoing answer was filed electronically. Notice of this filing will be sent to the following parties through the Court's ECF System:

        Debra Voltz-Miller
        dvoltz-miller@datacruz.com


        /s/ David J. Jurkiewicz
        David J. Jurkiewicz

EAST\42809755.1