UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JASON WILLIAM KOONTZ and | ) | CASE NO. 09-30024 |
| KRISTIN MAUREEN KOONTZ, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| KRISTIN MAUREEN KOONTZ, | ) | ADVERSARY NO. 10-03005 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| EVERHOME MORTGAGE COMPANY, | ) | |
| TRUSTCORP MORTGAGE COMPANY, | ) | |
| EVERBANK, AND MORTGAGE | ) | |
| ELECTRONIC REGISTRATION SYSTEMS, | ) | |
| INC., | ) | |
| Defendants. | ) | |

## SUPPLEMENTAL AFFIDAVIT OF EVERHOME MORTGAGE COMPANY

In support of the Motion for Summary Judgment filed by Defendants EverHome Mortgage Company ("EverHome") and EverBank, Affiant deposes and states as follows:

1. I am over the age of 18 and am competent to testify to the facts stated herein and have personal knowledge of such facts.

2. I am a Supervisor in the Default Litigation/Bankruptcy Department at EverHome.

3. I am familiar with the loan relationship and history between Defendants and Plaintiff and the relevant business records relating to this relationship.

4. In my capacity as a Supervisor in the Default Litigation/Bankruptcy Department at EverHome, I am familiar with and have been in control of the relevant business records, which include promissory notes, mortgages, assignments, servicing histories, transfer documents, and

1616908 (20713-3)   1


EXHIBIT A

account statements, as well as payment information and history, including a ledger history pertaining to this relationship.

5. EverHome maintains these types of business records in the course of a regularly conducted business activity, and it is the regular practice of this business to keep such business records. All such business records are made at or near the time of the act or events described in them, by or from information transmitted by a person with knowledge. These business records are kept and maintained under my supervision and control.

6. I have personally reviewed EverHome's paper and electronic records relating to the loan relationship with Plaintiff and I hereby certify that:

    a. Part 2 to the Amended Proof of Claim No. 22-2 filed by EverHome on September 9, 2009 in this bankruptcy proceeding (the "Amended Proof of Claim") is a true, accurate, and complete copy of the unrecorded Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Trustcorp Mortgage Company ("Trustcorp") executed on or about July 15, 2009;

    b. Part 3 to the Amended Proof of Claim is a true, accurate, and complete copy of the promissory note executed by Plaintiff on or about August 15, 2003 (the "Note") in favor of Trustcorp;

    c. Part 4 to the Amended Proof of Claim is a true, accurate, and complete copy of the mortgage executed by Plaintiff on or about August 15, 2003 and recorded on September 29, 2003 in the St. Joseph County Recorder's Office as Instrument No. 362577 (the "Mortgage");

    d. Exhibit 4 to Plaintiff's Complaint is a true, accurate, and complete copy of the Notice of Assignment, Sale or Transfer of Mortgage Loan dated November 16, 2009

and sent to Plaintiff; and,

  e. <u>Exhibit 1</u> hereto is a true, accurate and complete copy of the correspondence dated October 20, 2006 from EverHome to Plaintiff regarding the transfer of servicing of the loan; and,

7. EverHome is a corporation with its principal place of business in Jacksonville, Florida, which primarily engages in the servicing of mortgage loans.

8. Trustcorp originated the loan to Plaintiff in August 2003.

9. On or about September 23, 2003, Government National Mortgage Association ("GNMA") provided funding to Trustcorp for the Plaintiff's loan. In connection with this transaction, GNMA became the investor in the Plaintiff's loan, and Trustcorp remained the owner and servicer of the loan.

10. EverBank acquired ownership of the loan, including the Note and Mortgage, from Trustcorp effective November 1, 2006.

11. EverHome acquired servicing rights from Trustcorp effective November 1, 2006.

12. Since November 1, 2006, EverHome has serviced and continues to service the Plaintiff's loan for EverBank, the owner of the loan.

13. EverBank acquired the investor rights to Plaintiff's loan from GNMA effective November 2, 2009.

14. Accordingly, EverBank is currently both the owner and investor of Plaintiff's loan and EverHome services this loan for EverBank.

15. The Assignment of Mortgage attached as Part 2 to the Amended Proof of Claim was recorded in the St. Joseph County Recorder's Office on September 18, 2009 as Instrument No. 09-31168.

16. EverHome has incurred attorneys' fees and expenses in defending its interest and that of EverBank in the property that is the subject of Plaintiff's loan.

I DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: March 1, 2010

EVERHOME MORTGAGE COMPANY

*Lorri Beltz*
Lorri Beltz, Supervisor
Default Litigation/Bankruptcy Department

1616908 (20713-3)                    4

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of March, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

**Debra Voltz-Miller**
dvoltz-miller@datacruz.com


I further certify that on the 1st day of March, 2010, a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

(none)


                                                /s/ David J. Jurkiewicz
                                                David J. Jurkiewicz

8100 Nations Way
Jacksonville, FL 32256

October 20, 2006

KRISTIN M LEE
615 SOUTH ST
MISHAWAKA IN 46544

Re:  EverHome Mortgage Company Loan No. 9000327881
     Trustcorp Mortgage Company Loan No. 0005210407

Dear Valued Customer(s):

The servicing of your mortgage loan is transferring from Trustcorp Mortgage Company (Trustcorp) to EverHome Mortgage Company (EverHome) effective November 1, 2006. Servicing transfers are a common business transaction. This transfer does not affect the terms or conditions of your loan and does not reflect any dissatisfaction with your account. For more information concerning EverHome Mortgage Company, please visit our website at www.everhomemortgage.com. Additionally, please see the transfer information provided below:

> **PAYMENTS**

Trustcorp will stop accepting your payments on October 31, 2006. After October 31, 2006, please send your payments to EverHome Mortgage Company/Payment Processing Center, PO Box 530579, Atlanta, GA 30353-0579. For your convenience, a temporary coupon has been attached to the bottom of this letter. Your new coupon book will be sent under separate cover. This new coupon book may include coupons for payments you have already sent to Trustcorp. Please disregard these coupons and begin using your next scheduled monthly payment coupon. Trustcorp will automatically forward to EverHome Mortgage Company any payments sent to them for up to sixty days after the transfer date.

> **DRAFTING**

If your monthly payments are automatically deducted from your checking or savings account, this service will transfer to EverHome Mortgage Company. The first payment drafted by EverHome may be deducted from your account a few days later in the month than usual. Future drafting will occur based on your current schedule. If you do not have automatic drafting and would like to enroll, please contact us at 1-800-669-9721 or simply complete the enclosed application for automatic drafting and return it to the address indicated. Please continue to make your monthly payment with your coupons until you receive confirmation from EverHome Mortgage Company of your first draft date.

*Please detach and return in the enclosed envelope.*

| LOAN NUMBER | "ONTIME" PAYMENT | DUE ON OR BEFORE | LATE PAYMENT | IF RECEIVED AFTER |
|---|---|---|---|---|
| 9000327881 | $564.00 | | | |

Excess funds will be applied to outstanding fees or escrow unless otherwise instructed.

| ADDITIONAL FUNDS REMITTED | |
|---|---|
| ADDITIONAL PRINCIPAL | |
| ADDITIONAL ESCROW | |
| ADDITIONAL LATE CHARGES | |
| ADDITIONAL OTHER | |
| TOTAL AMOUNT REMITTED: | |

EVERHOME MORTGAGE COMPANY
P.O. Box 530579
Atlanta, GA 30353-0579

11 9000327881 2 0056400 0056400 0

**EXHIBIT 1**

> BILL PAYER SERVICE

If you are currently making your mortgage payments through a government allotment or bill payer service, please notify them of your new EverHome loan number and request they send all future payments to EverHome Mortgage Company/Payment Processing Center, PO Box 530579, Atlanta, GA 30353-0579.

> OPTIONAL INSURANCE TRANSFER

If you have been paying premiums through Trustcorp for optional insurance or disability or accidental death insurance, your policies will not transfer to EverHome. Please contact Trustcorp's Customer Service at (800) 621-8329 to discuss possible continuation of coverage.

> 1098 STATEMENTS

Trustcorp will send you an IRS 1098 Tax and Interest Statement that reflects all tax and interest payments received by Trustcorp between January 1, 2006 and October 31, 2006. EverHome Mortgage Company will send a 1098 Tax and Interest Statement for all tax and interest payments received by EverHome from November 1, 2006 to December 31, 2006. These statements will be mailed no later than January 31, 2007.

> ADDITIONAL INFORMATION

Trustcorp has requested that your property insurance company change the mortgage company listed on your policy. We encourage you to also contact your insurance carrier to verify that the mortgagee clause reads EverHome Mortgage Company, Its successors and/or assigns, PO Box 2139, Jacksonville, FL 32232. Please include your EverHome Mortgage Company loan number with this information to your insurance carrier.

If you have any questions, you may contact us in writing or at the toll-free numbers listed below:

| Prior to November 1, 2006: | On or after November 1, 2006: |
|---|---|
| Trustcorp Mortgage Company | EverHome Mortgage Company |
| Attn: Customer Service | Customer Service Department |
| 100 N. Michigan, Suite 800 | P. O. Box 2167 |
| South Bend, IN 46624 | Jacksonville, FL 32232-0004 |
| (800) 621-8329 8AM-5PM ET M-F | 800-669-9721 8AM-5:30PM EST M-F |

For your information, we have enclosed an attachment from Section 6 of the Real Estate Settlement Procedures Act (RESPA, 12 U.S.C. 2605) regarding your rights as a customer.

EverHome Mortgage Company welcomes you as a new customer and looks forward to providing you with exceptional service.

Sincerely,

*Alice Gronert*

Alice Gronert, CMB
Sr. Vice President
EverHome Mortgage Company

*************************************************************************
REAL ESTATE SETTLEMENT PROCEDURES ACT NOTIFICATION

You should be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of transfer or at closing. Your new servicer must also send you this notice no later than 15 days after the effective date or at closing.

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with written acknowledgment within 20 business days of receipt of your request. A "qualified written request" is written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request.

No later than 60 business days after receiving your request, your servicer must make any appropriate corrections to your account and must provide you with a written clarification regarding any dispute. During this 60 day business period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A business day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that section. You should seek legal advice if you believe your rights have been violated.