UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JASON WILLIAM KOONTZ and | ) | CASE NO. 09-30024 |
| KRISTIN MAUREEN KOONTZ, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| KRISTIN MAUREEN KOONTZ, | ) | ADVERSARY NO. 10-03005 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| EVERHOME MORTGAGE COMPANY, | ) | |
| TRUSTCORP MORTGAGE COMPANY, | ) | |
| EVERBANK, AND MORTGAGE | ) | |
| ELECTRONIC REGISTRATION SYSTEMS, | ) | |
| INC., | ) | |
| Defendants. | ) | |

**DEFENDANTS, EVERHOME MORTGAGE COMPANY AND EVERBANK'S
BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants, EverHome Mortgage Company ("EverHome") and EverBank, by counsel, hereby designate, in accordance with Rules 7056(C) and 7056(E) of the Federal Rules of Bankruptcy Procedure, the following papers and pleadings, which establish that EverHome and EverBank are entitled to summary judgment as a matter of law and an award of their attorneys' fees incurred in defending their interest in the Property:

**PRELIMINARY STATEMENT**

Debtors filed their voluntary petition under Chapter 13 of the Bankruptcy Code on January 7, 2009. (Bankruptcy Proceeding, Docket No. 1.) On September 10, 2009, Debtors filed their Objection to EverHome's amended proof of claim (the "Debtors' Claims Objection"). (Bankruptcy Proceeding, Docket No. 93.) In relevant part, the Debtors' Claims Objection

alleged that EverHome has failed to demonstrate that it is the proper party in interest to file a claim relating to the Note and mortgage on the property. (Id. at ¶ 5.) On October 13, 2009, EverHome filed its response to the Debtors' Claims Objection. (Bankruptcy Proceeding, Docket Nos. 97-99.) On December 3, 2009, EverHome filed its *Motion to Convert Contested Matters on Debtors' Claims Objection and Trustee's Claims Objections to Adversary Proceedings* (the "Motion to Convert"). (Bankruptcy Proceeding, Docket No. 118). On December 21, 2009, this Court granted EverHome's Motion to Convert and establishing a pleading and briefing schedule for the resulting adversary proceedings. (Bankruptcy Proceeding, Docket No. 132.)

Plaintiff filed her adversary proceeding against EverHome, EverBank, MERS, and Trustcorp Mortgage Company on January 18, 2010. Although Plaintiff alleges six counts for relief, her issues can be consolidated and restated as follows: (1) whether Defendants are the proper party in interest to enforce the Note and Mortgage and thereby entitled to file a proof of claim (see Counts I, II, IV, and V); (2) whether the post-petition execution and/or recording of an Assignment of Mortgage from MERS, as nominee for originating lender Trustcorp Mortgage Company to EverHome violate the automatic stay, and in particular, 11 U.S.C. §§ 362(a)(3) or 362(a)(4); and (3) whether EverBank violated the Truth in Lending Act, specifically 15 U.S.C. § 1641(g), by failing to send a "notice of new creditor" to Plaintiff. Defendants are entitled to summary judgment in their favor on all counts of Plaintiff's Complaint.

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

The designated evidentiary materials disclose that the following material facts are not genuinely disputed:

1. On or about August 15, 2003, Plaintiff executed a promissory note (the "Note") in favor of Trustcorp Mortgage Company. (EverHome Affidavit, Docket Entry No. 98, Ex. A at 3;

see also Original Claim No. 22-1 at 14; Amended Claim No. 22-2 at Part 3.)

2. On or about August 15, 2003, Plaintiff executed a mortgage (the "Mortgage"), which states, in relevant part: "This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ('MERS') (solely as nominee for Lender [Trustcorp Mortgage Company], as hereinafter defined, and Lender's successors and assigns), as beneficiary." (See Original Claim No. 22-1 at 5; Amended Claim No. 22-2 at Part 4.)

3. The Mortgage was recorded on September 29, 2003 in the Office of the St. Joseph County Recorder as Instrument No. 0362577. (See id.)

4. Trustcorp Mortgage Company, through Julia Norris, an Assistant Vice President, endorsed the Note in blank and without recourse. (EverHome Affidavit, Docket Entry No. 98, Ex. A at 3; see also Original Claim No. 22-1 at 14; Amended Claim No. 22-2 at Part 3.)

5. On or about September 23, 2003, Government National Mortgage Association ("GNMA") provided funding to Trustcorp for the Plaintiff's loan. In connection with this transaction, GNMA became the investor in the Plaintiff's loan, and Trustcorp remained the owner and servicer of the loan. (Suppl. EverHome Aff. ¶ 9.)

6. Ownership of the Plaintiff's loan, including the Note and Mortgage, was acquired by EverBank on November 1, 2006. (Suppl. EverHome Aff. ¶ 10.)

7. Servicing of the Plaintiff's loan, including the Note and Mortgage, was transferred from Trustcorp Mortgage Company to EverHome effective November 1, 2006. (Suppl. EverHome Aff. ¶ 11.)

8. On or about October 20, 2006, EverHome sent Plaintiff a letter informing her that the servicing of her loan was being transferred from Trustcorp to EverHome effective November 1, 2006. (Suppl. EverHome Aff. ¶ 6(e), Ex. 1 thereto.)

9.    Since November 1, 2006, EverHome has serviced and continues to service the Plaintiff's loan for EverBank, the owner of the loan. (Suppl. EverHome Aff. ¶ 12.)

10.    Debtors filed their voluntary petition under Chapter 13 of the Bankruptcy Code on January 7, 2009. (Bankruptcy Proceeding, Docket No. 1.)

11.    EverHome has been in possession of the original Note, which is endorsed in blank, at all times during the Debtors' bankruptcy proceeding. (EverHome Affidavit, Docket Entry No. 98 at ¶ 3.)

12.    EverHome has since delivered the original Note, which is endorsed in blank, to its counsel. (See id.)

13.    On April 5, 2009, EverHome, through its authorized agent, filed its proof of claim herein as Claim No. 22 (the "Original Claim"), to which EverHome attached:

    a.    Itemization of Total Claim (as of the Date of Filing) (see Original Claim No. 22-1 at 2);

    b.    Itemization of Arrearage Claim (as of the Date of Filing) (see id. at 3);

    c.    Itemization of Mortgage Payments Included in Arrearage Claim (as of the Date of Filing) (see id. at 4);

    d.    A copy of the recorded Mortgage (see id. at 5-11); and,

    e.    A copy of the Note endorsed in blank (see id. at 12-14).

14.    On or about July 15, 2009, MERS, as nominee for Trustcorp Mortgage Company, executed a written Assignment of Mortgage in favor of EverHome Mortgage Company (the "Assignment"). (See Amended Claim No. 22-2 at Part 1; see also Suppl. EverHome Aff. ¶ 6(a).)

15.    On September 9, 2009, EverHome filed its amended proof of claim (the "Amended Claim") herein, to which EverHome attached:

1614782 (20713-3)    4

      a.      An unrecorded copy of the Assignment, (see Amended Claim No. 22-2 at Part 2);

      b.      A copy of the Note endorsed in blank (see id. at Part 3); and,

      c.      A copy of the Mortgage as recorded (see id. at Part 4).

16.    The Assignment was recorded with the St. Joseph County Recorder's Office on September 18, 2009 as Instrument No. 09-31168. (Suppl. EverHome Aff. ¶ 15.)

17.    EverBank acquired the investor rights to Plaintiff's loan from GNMA effective November 2, 2009. (Suppl. EverHome Aff. ¶ 13.)

18.    On November 16, 2009, EverBank sent Plaintiff a Notice of Assignment, Sale or Transfer of Mortgage Loan. (See Compl. Ex. 4; see also Suppl. EverHome Aff. ¶ 6(d).)

19.    Accordingly, EverBank is currently both the owner and investor of Plaintiff's loan and EverHome services this loan for EverBank. (Suppl. EverHome Aff. ¶ 14.)

20.    EverHome has incurred attorneys' fees and expenses in defending its interest and that of EverBank in the property that is the subject of Plaintiff's loan. (Suppl. EverHome Aff. ¶ 16; see also Attorney Fee Affidavit, Ex. B hereto.)

## STANDARD OF REVIEW

The standard of review for a motion for summary judgment under Federal Rule of Bankruptcy Procedure 7056 is well-established. The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986)

(quoting Fed. R. Civ. P. 1). Summary judgment is appropriate when there are no genuine issues of material fact, leaving the moving party entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party must show there is no genuine issue of material fact. Celotex Corp., 477 U.S. at 323. A factual issue is "material" only if resolving the factual issue might change the suit's outcome under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual issue is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the evidence presented. Id.

The court must view the evidence in the light reasonably most favorable to the non-moving party, giving it the benefit of conflicts in the evidence and the most favorable reasonable inferences. Pourghoraishi v. Flying J, Inc., 449 F.3d 751, 754 (7th Cir. 2006). However, the nonmovant "must do more than raise a metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.' " E.g., Matsushita Elec. Indus. Co., 475 U.S. at 586-87 (1986) (internal citations omitted) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original). Defendants' designated evidence establishes that there are no genuine issues of material fact; furthermore, Defendants are entitled to judgment as a matter of law against the Plaintiff on all issues and claims raised in her Complaint.

## DISCUSSION

**I.   Defendants Are Entitled to Summary Judgment in Their Favor on Counts I, II, IV and V of Plaintiff's Complaint Because EverHome Has Been at All Times Relevant Herein a "Person Entitled to Enforce" the Note and Mortgage in Its Capacity as Loan Servicer for Owner EverBank by, *Inter Alia*, Filing a Proof of Claim Thereon.**

Plaintiff claims that she is entitled to various forms of relief in Counts I, II, IV, and V of her Complaint that, consolidated and restated, raise two issues: (1) whether EverHome is a "person entitled to enforce" the Note and Mortgage with standing to, *inter alia*, file a proof of

claim thereon; and (2) whether EverHome and/or EverBank is the holder of a properly perfected mortgage on the property.  The undisputed facts of this case and long-standing Indiana law demonstrate that these two questions must be answered in the affirmative, and as a result, Defendants are entitled to summary judgment in their favor on Counts I, II, IV, and V of Plaintiff's Complaint.

>   A.   **EverHome Is a "Person Entitled to Enforce" the Note and Mortgage in Its Capacity as Servicer of the Loan for EverBank, the Owner of the Loan.**

EverHome is in possession of the original Note executed by the Plaintiff, which was endorsed by the original payee in blank, and is therefore a "person entitled to enforce" the loan under Indiana law.  The provisions of Indiana's Uniform Commercial Code are clear and unambiguous in this matter.  In relevant part, Indiana Code § 26-1-3.1-301 accords enforcement rights to parties under the following definition: " 'Person entitled to enforce' an instrument means: (1) The holder of the instrument … A person may be a person entitled to enforce the instrument even though the person is not the owners of the instrument…."  See Ind. Code § 26-1-3.1-301(1); accord Pond v. Newgent, 176 N.E. 17 (Ind. Ct. App. 1931) (evidence properly admitted to show that holder of a note endorsed in blank collected thereon as agent for the owner of the note).  A "holder" is, in turn, defined as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person if the identified person is in possession of the instrument…."  See Ind. Code § 26-1-1-201(20)(A).  An instrument is "payable to bearer" when, for example, it is originally payable to the order of a named payee and that payee endorsed the note in blank.  See Ind. Code §§ 26-1-3.1-109(c), -3.1-205(b); see also id. § 26-1-1-201(5)(B).

EverHome is a "person entitled to enforce" the Note, in its capacity as servicer of the loan for EverBank, the owner of the Note.  On or about August 15, 2003, Plaintiff executed the

Note, which is payable "to the order of Lender," and defines "Lender" to mean "Trustcorp Mortgage Company and its successors and assigns." (Compare Original Claim No. 22-1 at 12 § 2 with id. at § 1.)  Thus, the Note as originally executed was payable to order, rather than payable to bearer.  See Ind. Code §§ 26-1-3.1-109(c), -3.1-205(b); see also id. § 26-1-1-201(5)(B).  However, Trustcorp endorsed the note in blank through the following signed statement: "Pay to the Order of  without recourse." (See Original Claim No. 22-1 at 14.)  This endorsement converted the Note to "bearer paper."  See Ind. Code §§ 26-1-3.1-109(c), -3.1-205(b); see also id. § 26-1-1-201(5)(B).  At all times relevant herein, and during the entire pendency of the bankruptcy, EverHome has been in physical possession of the original Note endorsed in blank, in EverHome's capacity as servicer of EverBank.  Accordingly, under well-settled Indiana law, EverHome is the "holder" of the Note and is therefore a "person entitled to enforce" the Note, in its capacity as servicer for the owner of the Note, EverBank.  See Ind. Code § 26-1-1-201(20)(A); Ind. Code § 26-1-3.1-301(1).

As the holder of Note, EverHome is also the holder of the Mortgage and entitled to enforce it in EverHome's capacity as servicer of the loan for EverBank, the holder of the Mortgage.  In Egbert v. Egbert, 80 N.E.2d 104 (Ind. 1948), the Indiana Supreme Court reaffirmed a principle of law that has been constant in Indiana for over a century and remains undisputed even today: the doctrine of "equitable assignment," whereby an assignment of the note operates as an equitable assignment of the mortgage as well without any necessity of the parties to the transfer executing or recording a separate mortgage assignment.  See also Thomson v. Madison Bldg. & Aid Ass'n, 2 N.E. 735 (Ind. 1885); Connecticut Mut. Life Ins. Co. v. Talbot, 14 N.E. 586 (Ind. 1887).  Thus, no separate assignment is required in order for either EverHome or EverBank to enforce the Note and Mortgage.  As the holder of the Note and Mortgage,

EverHome is entitled to, *inter alia*, receive payments thereon ultimately intended for EverBank as owner of the loan and file a proof of claim in the bankruptcy in its capacity as servicer of the loan for EverBank.

> **B.     EverBank, and by Extension, EverHome as Servicer, Are the Holders of a Properly Perfected Mortgage on the Property.**

Plaintiff continues to claim that she is entitled to avoidance of the mortgage — and can therefore live in the property without making any future payments to any lender — simply because there is no separate assignment of mortgage that was recorded in favor of EverHome or EverBank before she filed her bankruptcy petition. In so doing, Plaintiff urges this Court to adopt a tortured interpretation of Indiana's recording statute which has no support whatsoever from the Indiana courts and, in fact, is the opposite of which Indiana courts have held for decades. Specifically, Plaintiff continues to maintain that "in order to perfect a security interest in real estate any assignment" of a mortgage must also be recorded under Indiana Code §§ 32-21-4-1 and -2. (Compare Bankruptcy Proceeding, Docket No. 93 at ¶ 3, with Compl. ¶ 56.) This is, quite simply, not true. It is well-established that whether a creditor has properly perfected a security interest is a question of state law. See, e.g., Nobleman v. Am. Savs. Bank, 508 U.S. (1993). Under Indiana law, it is the recording of the original mortgage under Indiana Code § 32-21-4-1 that perfects a lien on real estate, and not the recording of a later assignment of the mortgage itself. Whether a later assignment is recorded does not have any impact whatsoever on the date the lien was perfected by the recording of the mortgage or its continuing status as a properly perfected security interest. See, e.g., Lincoln Nat'l Bank & Trust Co. v. Nathan, 19 N.E.2d 243 (Ind. 1935); J.C. Rowe v. Small Bus. Admin., 446 N.E.2d 991 (Ind. Ct. App. 1983); Zehner v. Johnston, 53 N.E. 1080 (Ind. Ct. App. 1899).

Plaintiff executed the Mortgage on August 15, 2003 in favor of "Mortgage Electronic Registration Systems, Inc. ('MERS') (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns) as beneficiary." The Mortgage was recorded in the St. Joseph County Recorder's Office on September 29, 2003 as Instrument No. 362577. Accordingly, the Mortgage was "perfected" by its recording with the county recorder's office under Indiana Code § 32-21-4-1 and -2 well before Plaintiff filed her bankruptcy petition on January 7, 2009. Subsequent transfers of this properly perfected Mortgage need not be recorded in order to somehow "preserve" the assignee's interest in the real estate by virtue of the already-perfected Mortgage. Plaintiff's position lacks any support under Indiana law and Defendants are entitled to summary in their favor Counts I, II, IV, and V of Plaintiff's Complaint.

**II.    Defendants Are Entitled to Summary Judgment in Their Favor on Count III of Plaintiff's Complaint Because the Post-Petition Execution and Recording of the Assignment Do Not Violate the Automatic Stay and Because EverHome Was Entitled to File a Proof of Claim on the Note and Mortgage.**

Plaintiff alleges that EverHome violated the automatic stay in two ways. First, Plaintiff alleges that EverHome violated 11 U.S.C. §§ 362(a)(4) and 362(a)(5) through the execution and recording of the Assignment of Mortgage after Debtors filed their petition. (Compl. ¶ 47.) Second, Plaintiff alleges that EverHome violated 11 U.S.C. § 362(a)(3) by filing a "fraudulent proof of claim in an effort to obtain possession of property of the estate…." (Compl. ¶ 48.) As further described in Part I, supra, Plaintiff's second argument fails because EverHome was at all relevant times herein the holder of the Note and Mortgage and therefore a "person entitled to enforce" these instruments by, among other things, filing a proof of claim herein. Accordingly, Defendants did not file a "fraudulent proof of claim" that would give rise to any cause of action under 11 U.S.C. §§ 362(a)(4) and 362(a)(5) and therefore are entitled to the entry of summary judgment in their favor on this aspect of Count III of the Complaint.

Plaintiff's remaining allegations in Count III of the Complaint — that EverHome violated the automatic stay through the post-petition execution and recording of an Assignment of Mortgage — also fail under long-standing precedent. Neither the execution nor the recording of a written assignment of mortgage after Debtors filed their petition renders the instrument void or constitutes a violation of the automatic stay. Courts have consistently determined that neither the execution nor the recording of a written mortgage assignment post-petition constitutes a "transfer of property of the debtor or property of the estate." See, e.g., In re Cook, 457 F.3d 561 (6th Cir. 2006) (holding that assignee's recording of the assignment of the mortgage interest to it after mortgagors filed bankruptcy petition did not violate automatic stay; assignee did not transfer or attempt to perfect legal title to the mortgagors' property, but recorded only the bank's equitable interest in the property which did not belong to the mortgagors); In re Halabi, 184 F.3d 1335 (11th Cir. 1999) (same). In Halabi, the Eleventh Circuit explained:

> That the perfected mortgage is neither actually nor potentially the property of the debtor is confirmed by § 541(d) which provides that property in which the debtor holds only legal title and not an equitable interest (such as a mortgage) becomes property of the estate only to the extent of the debtor's interest. Section 541(d) gives as an example a mortgage secured by real property. See 5 COLLIER ON BANKRUPTCY (15th rev. ed.) (Lawrence P. King, ed. 1999) at ¶ 541.27 ("[Section 541(a)(1)] reiterates the general principle that an interest that is limited in the hands of the debtor is equally limited in the hands of the estate, and therefore, where the debtor holds bare legal title without any equitable interest, the estate acquires bare legal title without any equitable interest in the property"). See also NORTON BANKRUPTCY LAW & PRACTICE 2D § 51:17 (1997) ("The purpose of the section is to insure that secondary mortgage market sales as they are currently structured are not subject to challenge by trustees in bankruptcy….").

Halabi, 184 F.3d at 1337. Accordingly, under well-settled law, Defendants are entitled to the entry of summary judgment in their favor on Count III of Plaintiff's Complaint.

**III.    Defendants Are Entitled to Summary Judgment in Their Favor on Count VI of Plaintiff's Complaint Because the "Notice of New Creditor" Requirement of 15 U.S.C. § 1641(g) Is Not Applicable to the 2006 Loan Transfer to EverBank and, Assuming It Is Applicable to the 2009 Acquisition of Investor Rights to the Loan by EverBank from GNMA, EverBank Complied with the Amendment at that Time.**

Stripped of its legal conclusions, Plaintiff's Complaint appears to reference two events as potential sources of liability for the Defendants under 15 U.S.C. § 1641(g). First, Plaintiff references the July 15, 2009 execution of the Assignment of Mortgage to EverHome without a corresponding "notice of new creditor" within thirty days under 15 U.S.C. § 1641(g). (See Compl. ¶¶ 62-63.) Second, Plaintiff references the November 16, 2009 "notice of new creditor" explaining EverBank's acquisition of investor rights to the Plaintiff's loan from Government National Mortgage Association ("GNMA") on November 2, 2009, but which transfer is not reflected in this Court's records. (See Compl. ¶ 33, Ex. 4 thereto.) However, neither event triggers any liability under the Truth in Lending Act generally or 15 U.S.C. § 1641(g) in particular. Accordingly, Defendants are entitled to the entry of summary judgment in their favor on all allegations relating to Count VI of the Complaint.

   **A.    The "Notice of New Creditor" Requirement of 15 U.S.C. § 1641(g) is a New Statutory Provision that Is Not Retroactive and Therefore Is Not Applicable to the November 1, 2006 Loan Transfer to EverBank and Everhome.**

The provision on which Plaintiff relies to impose liability on the Defendants — the "notice of new creditor" requirement of 15 U.S.C. § 1641(g) — was added to the Truth in Lending Act by an amendment in the Helping Families Save Their Homes Act of 2009 (the "Amendment") made effective May 20, 2009. See Helping Families Save Their Homes Act of 2009, Pub. L. No. 111-22, § 404(a), 123 Stat. 1658 (2009) (containing 2009 amendments). The Amendment does not expressly provide that it is retroactive. See id. The United States Supreme Court has consistently rejected claims of statute retroactivity absent clear legislative intent for

retroactive application.  See, e.g., AT&T Corp. v. Hulteen, 129 S. Ct. 1962, 1971 (2009) ("b]ecause it accords with widely held intuitions about how statutes ordinarily operate, a presumption against retroactivity will generally coincide with legislative and public expectations. Requiring clear intent assures that Congress itself has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits.").  Like the statute at issue in Hulteen, Congress has specified that this provision of the Amendment would become effective on a date certain — upon enactment on May 20, 2009 — which demonstrates that Congress did not intend for the Amendment to apply retroactively.  See id.; see also Truth in Lending, 74 Fed. Reg. 60,143 (Nov. 20, 2009) (to be codified at 12 C.F.R. pt. 226).  Accordingly, the Amendment does not apply to loan transfers prior to May 20, 2009.

  Trustcorp originated the loan to Plaintiff on August 15, 2003, which was funded shortly thereafter, in September 2003, by Governmental National Mortgage Association ("GNMA") as the investor.  However, Trustcorp continued to own and service the loan.  Effective November 1, 2006, Trustcorp sold the loan to EverBank and transferred the servicing rights on the loan to EverHome, as servicer for EverBank.  Accordingly, this 2006 transfer of Plaintiff's loan from Trustcorp to EverBank and servicing rights to EverHome, as servicer for Everbank, predates the effective date of the Amendment and is not subject to the "notice of new creditor" requirement of 15 U.S.C. § 1641(g).  Defendants' receipt of a formal Assignment of Mortgage from Trustcorp dated July 15, 2009 and recorded on September 18, 2009 does not change this result.  The Assignment of Mortgage — which is not in any way required of EverHome in order to enforce the Note and Mortgage as holder of same in its capacity as servicer for EverBank — was obtained and recorded simply to clarify the chain of title regarding the Note and Mortgage in

response to a request from Trustee Debra L. Miller.  (<u>Compare</u> Bankruptcy Proceeding, Docket No. 80, 81, <u>with</u> Bankruptcy Proceeding, Docket No. 92.)  The July 15, 2009 Assignment of Mortgage is not — and was never intended to be — evidence of a substantially contemporaneous transfer of the loan.  Rather, it was an after-the-fact memorialization of the 2006 transfer and cannot trigger any Defendant liability under the Amendment.  Plaintiff was, simply put, never entitled to any "notice of new creditor" under 15 U.S.C. § 1641(g) in connection with the 2006 loan transfer, and Defendants are entitled to summary judgment in their favor with respect to these allegations in Count VI of the Complaint.

> **B.     Assuming, *Arguendo*, that the "Notice of New Creditor" Requirement of 15 U.S.C. § 1641(g) Applies to EverBank's 2009 Acquisition of the Investor Rights from GNMA, then EverBank Complied with the Statute.**

To the extent Plaintiff seeks to use the November 16, 2009 "Notice of Assignment, Sale or Transfer of Mortgage Loan" to impose liability on Defendants under the 2009 Amendment to the Truth in Lending Act, this claim fails as well.  (<u>See</u> Compl. Ex. 4.)  In its entirety, the Amendment that added 15 U.S.C. § 1641(g) provides:

> (g) Notice of new creditor.
>   (1) In general. In addition to other disclosures required by this title, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
>     (A) the identity, address, telephone number of the new creditor;
>     (B) the date of transfer;
>     (C) how to reach an agent or party having authority to act on behalf of the new creditor;
>     (D) the location of the place where transfer of ownership of the debt is recorded; and
>     (E) any other relevant information regarding the new creditor.
>   (2) Definition. As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

15 U.S.C. § 1641(g).  Although EverBank acquired ownership of the loan from Trustcorp on

November 11, 2006, the loan remained funded by GNMA as investor until EverBank acquired the investor rights from GNMA on November 2, 2009. Assuming, *arguendo*, that the acquisition of the investor rights in the loan falls within the scope of 15 U.S.C. § 1641(g)(1) when the recipient is already the owner of the loan as well, EverBank nevertheless proceeded to comply with the "notice of new creditor" requirements of the Amendment in connection with this November 2009 acquisition. On November 16, 2009, fourteen (14) days after the effective date of the transfer of investor rights to Plaintiff's loan from GNMA to EverBank, EverBank sent the "Notice of Assignment, Sale or Transfer of Mortgage Loan" to Plaintiff in compliance with 15 U.S.C. § 1641(g)(1). Accordingly, Defendants have complied with the Amendment to the Truth in Lending Act to the extent it is even applicable to this transaction, and are therefore entitled to the entry of summary judgment in their favor on all remaining allegations in Count VI of the Complaint.

**IV.    Defendants Are Entitled to Recover Their Attorneys' Fees Incurred in Defending Their Interest in the Property, Which Must Be Added to Their Proof of Claim.**

When interpreting a contract under Indiana law, a court must determine and effectuate the intent of the parties. Pinkowski v. Calumet Twp., 852 N.E.2d 971, 981 (Ind. Ct. App. 2006). If the language of the instrument is unambiguous, the intent of the parties is determined from its four corners. Stemm v. Estate of Dunlap, 717 N.E.2d 971, 975 (Ind. Ct. App. 1999). "When the terms of a contract are clear and unambiguous, those terms are conclusive and courts will simply apply the contract provisions rather than construing the contract or examining extrinsic evidence." Starks Mech., Inc. v. New Albany-Floyd County Consol. School Corp., 854 N.E.2d 936, 941 (Ind. Ct. App. 2006). "[A] contract term is not ambiguous merely because the parties disagree about the term's meaning." Pinkowski, 852 N.E.2d at 981 (quoting Roy A. Miller & Sons, Inc. v. Industrial Hardwoods Corp., 775 N.E.2d 1168, 1173 (Ind. Ct. App. 2002)). A

contract is ambiguous only where a reasonable person could find its terms susceptible to more than one interpretation.  <u>Stemm</u>, 717 N.E.2d at 975.

Throughout Plaintiff's bankruptcy proceeding, Defendants have been required to defend their interest in the Property against attacks by both the Trustee and the Plaintiff herself.  Pursuant to the clear and unambiguous terms of the Mortgage, Defendants are entitled to recover their costs (in the form of attorneys' fees) incurred in defending their interest in the Property.  In relevant part, the Mortgage provides:

> If … there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect … Lender's rights in the Property… Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument.  These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of lender shall be immediately due and payable.

(<u>See</u> Original Claim No. 22-1 at § 7.)  Under the clear and unambiguous terms of the Mortgage, therefore, Defendants are entitled to recover the attorneys' fees they have had no alternative but to incur in defending their interest in the Property under the Note and Mortgage.

## CONCLUSION

WHEREFORE, Defendants, EverHome Mortgage Company and EverBank, by counsel, respectfully request that this Court grant summary judgment in their favor and against Plaintiff on all issues and claims raised in her Complaint, award Defendants their attorneys' fees and costs incurred in defending their interest in the Property, and grant all other appropriate relief.

Respectfully submitted,

/s/  David J. Jurkiewicz
David J. Jurkiewicz (18018-53)
Carina M. de la Torre (24849-49)
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, Indiana  46204
(317) 684-5000 / (317) 684-5173 (FAX)

Attorneys for EverHome Mortgage
Company and EverBank

# CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of March, 2010, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

**Debra Voltz-Miller**
dvoltz-miller@datacruz.com

I further certify that on the 1st day of March, 2010, a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

(none)

/s/  David J. Jurkiewicz
David J. Jurkiewicz