UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
|     JASON WILLIAM KOONTZ | ) | CASE NO.    09-30024 |
| | ) | |
|     KRISTIN MAUREEN KOONTZ | ) | |
| | ) | Adv. No.    10-03005 |
|     Plaintiff(S) | ) | |
| _____ | ) | |
| | ) | |
|     KRISTIN MAUREEN KOONTZ, | ) | |
|         Plaintiff | ) | |
| vs. | ) | |
| EVERHOME MORTGAGE | ) | |
|   COMPANY, | ) | |
| | ) | |
| TRUSTCORP MORTGAGE | ) | |
|   COMPANY, | ) | |
| | ) | |
| EVERBANK, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MORTGAGE ELECTRONIC | ) | |
|   REGISTRATION SYSTEMS, INC. | ) | |
|     Defendants. | ) | |

## RESPONSE AND OBJECTION TO DEFENDANTS' MOTION FOR ENTRY OF SUMMARY JUDGMENT

    Plaintiff, Kristin M. Koontz, by counsel, pursuant to N.D. Ind. L.B. R. B-7007-1, files this response and objection to Defendants' Motion for Entry of Summary Judgment filed March 16, 2010, and in support thereof, states as follows:

1. That, pursuant to docket entries 81, 93 and 118 (Objections to EverHome Mortgage's Claim 22 and EverHome Mortgage's motion to convert objections to adversary proceedings) in the base Chapter 13 case, 09-30024, the Court held a Status Conference on December 21, 2009. The primary objective of the status conference was considering the issue of adjudicating the merits of the objections under the heightened pleading requirements of an adversary proceeding;

2. That from the status conference held, the Court entered an Order on December 21,

       2009 in the base Chapter 13 case, 09-30024;

3. That the December 21, 2009 Order required action by the certain parties present by counsel, namely Debtors and the Chapter 13 Trustee, to file adversary proceedings and established time frames;

4. That pursuant to the December 21, 2009 Order, Plaintiff filed the present adversary before the Court on January 18, 2010;

5. That Plaintiff through counsel has been actively pursuing the issues initiated by the objection to EverHome Mortgage's claim 22 filed back on September 10, 2009. This includes communicating with Defendants' counsel;

6. That Plaintiff's counsel received communication from Defendants' counsel, David J. Jurkiewicz, on February 1, 2010 asking for an extension of time to answer the adversary complaint;

7. That in response to the request for an extension, Plaintiff's counsel pointed out to Mr. Jurkiewicz a conflict in deadlines. Specifically, the December 21, 2009 Order's for a deadline for an Answer (on or about February 8, 2010) conflicted with the deadline for an Answer in the Summons (February 17, 2010);

8. That Mr. Jurkiewicz replied to the conflict issue on February 2, 2010: "I had not considered the judge's order. Thanks for bringing it to my attention. I need to speak with my client and I will get back with you. Thanks.";

9. That Mr. Jurkiewicz never "got back" with the undersigned as to the conflict. Instead of a phone call or an email to discuss how to resolve the conflict issue, Defendants file the pending motion for entry of summary judgment that directly raises the issue of the conflict brought to Defendants' counsel's attention to be discussed;

10. That Defendants' pending motion is inappropriate: by not including a brief as required by N.D. Ind. L.B. R. B-7007-1, by failing to state any legal authority for its requested relief, and by including EverBank in the pending motion when it did not file an Answer until February 17, 2010;

11. That Plaintiff and the Court are left to only speculate the legal authority for an entry of summary judgment which is not sufficient. It is an important distinction that Defendants conveniently refer to December 21, 2009 Order as a "the Scheduling Order" when it just is simply labeled "ORDER";

12. That there are several more issues that must be addressed that make Defendants' pending motion inappropriate: what is the scheduling order entered in this adversary 10-3005, what is the status of the pending objections to EverHome

      Mortgage's claim 22 filed by the Trustee and Plaintiff, what effect does it have that the Trustee has not filed an adversary as ordered by the December 21, 2009 Order, and why did EverHome Mortgage file an Answer on February 8, 2010 but EverBank and MERS file an Answer on February 17, 2009? As such, there is a need for a status conference to sort out these issues.

13.     That Plaintiff through counsel has been diligently preparing for and drafting responses to Defendants' motion for summary judgment, and was working under the local rules for deadlines as established by the filing of this Adversary;

14.     That, the mere fact that the moving party's summary judgment record may be uncontested, or even unresponded to, is not enough to establish the absence of a genuine issue of material fact to render judgment as a matter of law. See *Edwards, v. Aguillard*, 482 U.S. 578, 595, 107 S. Ct. 2573, 96 L. Ed. 2d 510 (1987) and *Torres-Rosado v. Rotger-Sabat*, 335 F.3d 1, 9 (1st Cir. 2003).

    WHEREFORE, Plaintiff, by counsel, prays that this Court deny Defendants' motion for entry of summary judgment; order that Plaintiff is allowed to file her Response to Motion for Summary Judgment pursuant to local rules and grant to Plaintiff all other just and appropriate relief in the premises.

    Respectfully submitted,

/s/ Thomas E. Panowicz
Thomas E Panowicz (21203-71)
**Voltz-Miller & Panowicz, P.C.**
1951 E. Fox Street
South Bend, IN  46613
PH: (574) 289-1709
FX: (574) 289-1909
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

The undersigned attorney for Debtor hereby certifies that a true and correct copy of the above and foregoing document was served upon the following via electronic mail on this 18th day of March, 2010:

Carina M. de la Torre and David J. Jurkiewicz, Attorneys for Defendants

/s/ Thomas E. Panowicz
Thomas E Panowicz (21203-71)