UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | |
| JASON WILLIAM KOONTZ and ) | CASE NO. 09-30024 HCD |
| KRISTIN MAUREEN KOONTZ, ) | CHAPTER 13 |
| ) | |
| DEBTORS. ) | |
| ) | |
| ) | |
| KRISTIN MAUREEN KOONTZ, ) | |
| ) | |
| PLAINTIFF, ) | |
| vs. ) | PROC. NO. 10-3005 |
| ) | |
| EVERHOME MORTGAGE COMPANY, ) | |
| TRUSTCORP MORTGAGE COMPANY, ) | |
| EVERBANK, and MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC., ) | |
| DEFENDANTS. ) | |

Appearances:

Debra Voltz-Miller, Esq., and Thomas Panowicz, Esq., counsel for plaintiff, 1951 East Fox Street, South Bend, Indiana 46613;

David J. Jurkiewicz, Esq., counsel for defendants EverHome Mortgage Company, EverBank, and Mortgage Electronic Registration Systems, Inc., Bose McKinney & Evans LLP, 111 Monument Circle, Suite 2700, Indianapolis, Indiana 46204; and

Mark E. Wagner, Esq., counsel for Trustcorp, Wyland, Humphrey, Wagner & Clevenger, 1406 West Plymouth Street, P.O. Box. 158, Bremen, Indiana 46506.

MEMORANDUM OF DECISION

At South Bend, Indiana, on September 30, 2010.

Before the court is the Plaintiff's Motion for Default Judgment filed by the plaintiff, chapter 13 debtor Kristin Maureen Koontz ("plaintiff" or "debtor"), against the defendant Trustcorp Mortgage Company ("Trustcorp"). The plaintiff filed a Request for Entry of Default on May 14, 2010. Three days later, the Clerk of the United States Bankruptcy Court, Northern District of Indiana, South Bend Division, filed an Entry of Default against Trustcorp.

On May 19, 2010, the plaintiff sought a Judgment of Default against Trustcorp, asking that the court find specifically that "Trustcorp does not have a right to payment from the Plaintiff" and that the subject real estate "shall be free and clear of any lien of Trustcorp." R. 49.

Trustcorp filed a Response on May 24, 2010. R. 52. It "disclaim[ed] any interest it might otherwise claim against the [plaintiff's] real estate" and consented to entry of judgment "so long as the judgment does not affect any assignment of that lien and the indebtedness secured thereby." *Id.*

Defendant EverHome responded to the Motion and to Trustcorp's conditional disclaimer. It argued that, "[b]ased upon the assignment of the Mortgage to EverHome, the proposed Order avoiding the Mortgage due to a default of Trustcorp is wrongfully prejudicial to EverHome." R. 53. It requested that any order entered regarding Trustcorp "not affect the Note and Mortgage which are now held by EverHome." *Id.* Defendant MERS responded that the plaintiff's attempt to have the Mortgage avoided in a default proceeding is improper. "Trustcorp is not the holder of the Mortgage and its current interest in the Property (or lack thereof) has no affect on the validity of the Mortgage and its assignments."[1] R. 56.

In light of the fact that the claims of the defendants against the plaintiff have not been resolved, and in consideration of the fact that it has not been determined which party validly holds the Note and Mortgage originally held by Trustcorp, the court will defer judgment on this Motion for Default Judgment until a final determination is made in those matters. *See Michaud v. U.S. Steakhouse Bar and Grill, Inc.*, 2007 WL 1696014 at *1 (M.D. Fla. 2007) (declining to enter default judgment). Therefore, the Motion for Default Judgment is denied without prejudice.

SO ORDERED.

_____
Harry C. Dees, Jr., Judge
United States Bankruptcy Court

---

[1] MERS asserted that Trustcorp had advised the court that it was not the holder of the Mortgage. On the contrary, the court finds no statement by Trustcorp in this record prior to the May 24, 2010 Disclaimer. The Clerk's Entry of Default was issued because Trustcorp did not advise the court of anything and did not respond to the Complaint filed against it.